IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

MAR 2 1 20

MITCHELL R. ELFERS
CLERK OF COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 24-356 KG |
| | ) | |
| vs. | ) | |
| | ) | |
| **VICTOR HUGO ALONZO-RAYMUNDO,** | ) | |
| | ) | |
| Defendant. | ) | |

## FAST TRACK PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, VICTOR HUGO ALONZO-RAYMUNDO, and the defendant's counsel, IMTIAZ HOSSAIN.

## REPRESENTATION BY COUNSEL

1.      The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with counsel and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.      The defendant further understands the defendant's rights:

a.      to be charged and prosecuted by indictment;

b.      to plead not guilty;

c.      to have a trial by jury;

d.      to confront and cross-examine witnesses and to call witnesses in the defense of this charge; and

e.      against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.     The defendant hereby agrees to waive these rights and to plead guilty to an Information charging a violation of 8 U.S.C. §§ 1326(a) and (b), that being Re-entry of a Removed Alien.

## ELEMENTS OF THE OFFENSE

4.     If this matter proceeded to trial, the defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for a violation of 8 U.S.C. §§ 1326(a) and (b), Re-entry of a Removed Alien, are:

   a.     The defendant was an alien at the time of the offense;

   b.     The defendant previously had been excluded, deported, or removed from the United States;

   c.     The defendant knowingly entered, attempted to enter or was found in the United States; and

   d.     The defendant had not received the consent of the Secretary of the Department of Homeland Security to reapply for admission to the United States.

## SENTENCING AGREEMENT AND PENALTIES

5.     With respect to sentencing, the defendant understands:

   a.     The Court will decide whether to accept or reject this plea agreement.  The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report.  Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw the defendant's plea of guilty.

   b.     The sentence for the crime of Re-entry of a Removed Alien will be determined by the Court after a presentence investigative report has been completed by the United States Probation Office, and the parties have had an opportunity to review the report, request

corrections or deletions to the facts presented in this report, make arguments in support of any such factual changes, and make legal arguments regarding the calculation of the offense level under USSG § 2L1.2 or of the number of criminal history points under USSG § 4A1.1. The parties agree that the potential arguments mentioned in the preceding sentence are the only arguments relating to the calculation of the guidelines range that may be raised under this plea agreement.

c.     The defendant recognizes that the federal sentencing guidelines are advisory, but the Court is required to consider them in determining the sentence it imposes.

d.     The defendant further recognizes that while the defendant's attorney may have made a prediction or estimate of the sentence that the Court may impose, the defendant understands that the Court is not bound by any such estimate or prediction.

e.     Except under circumstances where the Court, acting on its own, rejects this plea agreement (or functionally rejects it as described below under the heading Violation or Rejection of Plea Agreement), the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

f.     Unless the defendant previously has been convicted of murder, a forcible sex offense, or a child sex offense involving physical contact, as defined by and determined to be

a disqualifying conviction in the sole discretion of the Government, or has a Criminal History Category of VI, the Government agrees, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to a two-level downward departure/adjustment pursuant to USSG § 5K3.1 to determine the defendant's Final Adjusted Offense Level. The defendant's Adjusted Offense Level will be the sum of Base Offense Level 8 plus the USSG § 2L1.2 sentencing guideline adjustments for specific offense characteristics as determined by the sentencing court. The parties agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to a sentence within the resulting sentencing guideline range after the application of adjustments for specific offense characteristics to the defendant's base offense level as calculated pursuant to USSG § 2L.1.2, minus a downward adjustment for acceptance of responsibility, and minus a two-level downward departure pursuant to USSG § 5K3.1, with no other reductions, departures or variances to be applied.

g.     The defendant agrees not to seek any further reduction, departure, deviation, or variance from the guideline sentencing range in the Final Adjusted Offense Level or the Criminal History Category as determined by the Court, through motion or by argument at sentencing pursuant to 18 U.S.C. § 3553(a), *United States v. Booker*, 543 U.S. 220 (2005), or otherwise. This specifically precludes any claim by the defendant, pursuant to USSG § 4A1.3, that the criminal history category overstates the seriousness of defendant's criminal history.

h.     The United States hereby expressly reserves the right to make known to the United States Probation Office and the Court, for inclusion in the presentence report prepared pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be helpful to the Court.

i.     The defendant understands the defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The defendant represents that the defendant has complied with and will continue to comply with this obligation.

- 4 -

j.      Although the sentencing range will be based on the Final Adjusted Offense Level and the applicable Criminal History Category as determined by the United States Probation Office and the Court, defendant specifically understands that the maximum statutory penalty under 8 U.S.C. § 1326 is:

(1)      imprisonment for a period of not more than twenty years;

(2)      a fine not to exceed $250,000;

(3)      a term of supervised release of not more than three years; and

(4)      a mandatory special penalty assessment of $100.00.

### DEFENDANT'S ADMISSION OF FACT

6.      By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of committing a violation of 8 U.S.C. § 1326. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt beyond a reasonable doubt, including any facts alleged in the Information that increase the statutory minimum or maximum penalties. I specifically admit and declare under penalty of perjury that I am not a citizen or national of the United States, I do not have any legal immigration status in the United States, and that I knowingly and voluntarily reentered the United States after previously having been deported, excluded or removed on or about June 8, 2023, and without the express consent of the Secretary for Homeland Security.

7.      By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant is pleading guilty. The defendant agrees the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

## IMMIGRATION REMOVAL AND OTHER IMMIGRATION CONSEQUENCES

8.      The defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if the defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status.  The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequences include the defendant's automatic removal from the United States.

9.      Furthermore, the defendant admits that he was the subject of a previous order of removal, deportation or exclusion.  The defendant agrees to the reinstatement of that previous order of removal, deportation or exclusion.  If this plea agreement is accepted by the Court, the defendant agrees not to contest, either directly or by collateral attack, the reinstatement of the prior order of removal, deportation or exclusion.

## WAIVER OF APPEAL RIGHTS AND
## POST-CONVICTION RIGHTS

10.     The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed.  Acknowledging that, the defendant knowingly waives the right to appeal the defendant's conviction(s) and any sentence, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement.  This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence.

11.     The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation Guideline range.

12.     The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

13.     In addition, the defendant agrees to waive any collateral attack to the defendant's conviction(s) and any sentence, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S AGREEMENT

14.     Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Information.

15.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## DEFENDANT'S RIGHT TO WITHDRAW GUILTY PLEA

16.     By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless:  (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.

## VOLUNTARY PLEA

17.     The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises other than the promise set forth in this

plea agreement. There have been no representations or promises from anyone as to what sentence the Court will impose. The defendant also represents that the defendant is pleading guilty because the defendant is in fact guilty.

## VIOLATION OR REJECTION OF PLEA AGREEMENT

18.    The defendant agrees that if the Court finds that the defendant has violated any provision of this agreement, the United States may declare this agreement null and void. In such a case, or where the Court has rejected the plea agreement or has functionally rejected it by failing to accept the agreement within six months of its entry (except where the United States, in its sole discretion, agrees to an extension of that time) the United States is released from its obligations under the plea agreement and the defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the defendant during this prosecution.

## ENTIRETY OF AGREEMENT

19.    This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding. This agreement is effective upon signature by the defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this ___29th___ day of January, 2024.

ALEXANDER M.M. UBALLEZ
United States Attorney

J. KIRK WILLIAMS
Assistant United States Attorney
200 N. Church St.
Las Cruces, NM  88001
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

This agreement has been read to me in the language I understand, and I have carefully discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, elements of the offense, and of the consequences of entering into this agreement.  No promises or inducements have been given to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  Finally, I am satisfied with the representation of my attorney in this matter.

VICTOR HUGO ALONZO-RAYMUNDO
Defendant


I am the attorney for VICTOR HUGO ALONZO-RAYMUNDO.  I have carefully discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, elements of the offense, and of the consequences of entering into this agreement.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

IMTIAZ HOSSAIN
Attorney for Defendant

- 10 -